## E. H. LOMBARD *v.* ALEXANDER SPEER.

1. VENDOR AND VENDEE: EXECUTORY CONTRACT: RESCISSION OF.—A vendor who has executed a title bond, conditioned to make a title " upon the prompt payment" by the vendor of his notes, given for the purchase-money, has the right, upon the failure of the vendee to pay at maturity the note given for the first instalment, to rescind the contract; and his offer to rescind and to return the vendee's notes is sufficient, without making a formal demand of the money, or tendering a deed.

2. SAME: SAME: DE MINIMIS NON CURAT LEX.—Before a vendor can rescind his executory agreement for the sale of land, on account of the failure of the vendee to comply with his part of the contract, he must offer to place the vendee in *statu quo*, by a tender of whatever sum the latter may have advanced on account of the land: but a substantial compliance with the rule is all that is required; and hence his failure to tender the interest for less than a year, on an inconsiderable sum paid by the vendee for taxes on the land, will not affect his right to rescind.

APPEAL from the Chancery Court of Rankin county. Hon. John Watts, chancellor.

*W. P. Harris*, for appellant,

Cited *Halloway* v. *Moore*, 4 S. & M. 690; *Hatch* v. *Cobb*, 4 J. C. R. 559; 2 Story's Eq. 12; *Walton* v. *Wilson*, 30 Miss. R. 579; *Eckford* v. *Halbert*, Ib. 273; *Arthur* v. *Pearson*, 32 Ib. 131.

*George L. Potter*, for appellee,

Cited *Jackson* v. *Johnson*, 27 Miss. R. 501, 502; *Walton* v. *Wilson*, 1 George, 579.

HANDY, J., delivered the opinion of the court.

The appellant contracted to sell to the appellee a tract of land for the sum of $400, payable in two instalments, for which the appellee executed two promissory notes, one to become due on the 1st April, 1858, and the other on the 1st April, 1859, the appellant agreeing in writing, "upon the prompt payment of these notes at maturity, to execute a deed of warranty to the appellee for the land, the appellee to pay the taxes thereafter assessed." In January, 1859, the notes both remaining unpaid, the appellant tendered the notes to the appellee, together with the money paid by the appellee for taxes, and demanded a rescission of the contract; but the appellee refused to accept the tender, and to rescind the contract. The appellant thereupon filed his bill, tendering the notes and the money paid for taxes, and praying for a rescission. A demurrer was filed to the bill, which was sustained, and the bill dismissed.

The first ground of objection is, that the bill does not offer to place the vendee in *statu quo* by tendering the sum paid by him for taxes, *and interest* thereupon.

It appears that the money paid for taxes was the inconsiderable sum of two dollars and eighty-eight cents, and the interest upon that amount, for one year, appears to be too small a sum to justify the vendee in insisting upon that as a reason for continuing the contract, especially after his own default in paying the first note.

But the principal objection to the bill is, that it does not show, that payment of the first note was demanded.

It is true that no formal demand of payment is shown. But when the appellant demanded a rescission of the contract, and tendered the appellee his notes, the latter had an opportunity to pay the money if he thought fit to offer to do so. The demand for rescission had, at least, the effect of a demand of payment, because he then had an opportunity to offer payment. It does not appear that he did so, and he therefore cannot complain that payment was not demanded.

It was not incumbent on the appellant to tender a deed at the time of offering to rescind the contract; for the appellee was then in default in paying the first note, which was then past due about ten months; and that was just ground for offering to rescind. The second note was not then due, and the appellant was not bound to tender a deed until the entire purchase-money became due. Yet he was clearly entitled to rescind upon the default in payment of the first note, and upon demand of payment of that note, or upon an offer to rescind on that ground, which was equivalent to a demand.

Decree reversed, and demurrer overruled, and the appellee required to answer within sixty days.